UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In the Matter of C.J.R.,
Infant under the age of 16

JUAN CARLOS RUIZ CORRAL,
    Petitioner

Vs.

DILEY REGLA ROMERO RAMOS,
    Respondent

**VERIFIED PETITION FOR RETURN OF CHILD TO MEXICO**

The Petitioner, JUAN RUIZ CORRAL, ("Petitioner" or "Father"), through his undersigned attorney, brings this Petition against the Respondent, DILEY REGLA ROMERO RAMOS, ("Respondent" or "Mother"), seeking the expedited return to Mexico of their ten (10) year old son, C.J.R. ("Child"). The Mother wrongfully removed and retained the Child from Mexico within the meaning of the Convention in this jurisdiction. The Father seeks an Order to Show Cause as is more particularly set forth in the section VII Provisional Remedies requested pursuant to 42 USC §11604.

**I.**     **PREAMBLE**

This petition is brought pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 ("Convention") and its implementing legislation set forth in 42 USC §11603 (b) entitled the *International Child Abduction Remedies Act* ("ICARA"). The Convention went into effect on July 1, 1988.

The Mother removed the Child from Mexico and it turned into an unlawful retention since she has refused to return the Child to Mexico. The Convention was ratified between the United States and Mexico on October 1, 1991.

The objects of the Convention are:

Article 1(a): To secure the prompt return of the Child wrongfully removed or retained in any Contracting State; and

Article 1(b): To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.

Under Article 11 of the Convention, "judicial or administrative authorities of Contracting States shall act expeditiously in proceedings for the return of the Child." JUAN RUIZ CORRAL asks this Court for expedited review and hearing of this Petition.

## II. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 42 U.S.C. §11603 and the Child is in the Middle District of Florida. The Court has subject matter jurisdiction under Title 28 USC §1331 as this is a civil action arising under federal law and a treaty of the United States.

The Court has personal jurisdiction over the Mother because she is located in the Middle District and is wrongfully retaining the Child in this District. Venue is proper in the Middle District of Florida under 28 USC §1391(b)(1) because the Respondent resides in this District.

## III. STATUS OF PETITIONER, RESPONDENT AND CHILD

The Petitioner, JUAN RUIZ CORRAL, has a right of the custody of the child within the meaning of Articles Three and Five of the Convention in that he is the natural Father of the child and was exercising custody of the child. The Petitioner currently resides at Mexicali, B.C., Mexico: Calle Agreda #1779, fracc. Terrazas del Sol. C.P. 21353.

The Respondent is the Child's Mother. The Respondent entered the United States with the Child in January of 2022 on a tourist visa. The Respondent has since

allowed the visa to expire and continues to reside with the Child. The Respondent and the Child reside at 820 W. Miller Street, Orlando, Florida 32805.

### IV. FACTUAL BACKGROUND

Before entering the United States, the Petitioner and the Respondent were residing together in Mexico as an intact family. The Respondent removed the Child from Mexico to presumably come on a vacation to the United States in January 2022 and has since been wrongfully retaining the Child in Orlando, Florida.

The child is currently ten (10) years of age and was born on _____ [1] The child will be sixteen years of age on _ ____ 7, 2027 some six (6) years after the date of this application.

The child was a habitual resident of Mexico within the meaning of Article Three of the Convention immediately before the removal of the child from Mexico by the Respondent. *See Declaration Under the Uniform Child Custody Jurisdiction Enforcement Act,* (UCCJEA) filed contemporaneously with this Petition.

The Petitioner has requested the return of the Child to Mexico. The Respondent has refused to return the Child.

### V. MOTHER'S REMOVAL AND RETENTION OF CHILD

On January 15, 2022, the Respondent wrongfully removed the child from Mexico within the meaning of Article Three of the Convention and continues to wrongfully retain the child in the United States. The Petitioner has spoken to the Respondent and requested that she return the child to Mexico, but the Respondent refuses to do so.

---

[1] Attached hereto as **Exhibit "A"** is a copy of the Child's Birth Certificate.

3

The child is presently in the State of Florida, County of Orange. The Petitioner objects to the child remaining in the United States.

The Petitioner is prepared to come to Florida to retrieve custody of the child, should this Court order their arrest pursuant to the temporary restraining order requested.

## VI.  MEMORANDUM OF LAW, THE CONVENTION AND ICARA

A prima facie case of wrongful removal or retention under the Convention and ICARA exists where a preponderance of the evidence shows that (a) the habitual residence of the Child immediately prior to the alleged wrongful removal was in a foreign country that was a treaty partner with the United States; (b) the removal breached the Father's custody rights under the law of the foreign country, and (c) the Father was exercising custody rights at the time of the removal.

### A. The Child's Habitual Residence Immediately Before His Wrongful Removal was Mexico

The Child's habitual residence immediately before his wrongful removal was Mexico, where he lived from birth until his wrongful removal by the Mother on or about January 15, 2022. Factors that courts have looked to in determining habitual residence include the place a child was born and raised, attended school, treated by a pediatrician and has a majority of their family. The Child, a Mexican citizen, was born and raised in Mexico, residing in Mexicali from his birth through January 2022. He attended General Miguel Aleman school where he remains registered and can attend upon his return.[2] Prior to General Miguel School, the child attended Cuauhtemoc School.[3] The Child was also engaged in extracurricular activities, namely swimming,

---

[2] Attached hereto as **Exhibit "B"** is a copy of the child's school enrollment form.
[3] Attached hereto as **Exhibit "C"** is a copy of the child's prior school enrollment, grades and photos.

4

prior to his removal.[4] The Child was treating with Dr. _____ located in Mexicali.[5] The Father owns a home in Mexicali, where the child lived his entire life, and most of the Child's family are in Mexicali. The Child's Mother and Maternal Grandfother are the only family members in the State of Florida, United States of America.

### B. The Removal Violated the Father's Custody Rights Under Mexican Law

At the time of the Mother's wrongful removal and retention of the Child, the Father possessed custody rights under Mexican Law. The Father has rights of custody of the child within the Meaning of Articles 3 and 5 of the Convention being the biological Father of the Child and under Mexican Law pursuant to the Civil Code of the State of Baja California Articles 410, 412 and 414.[6] Article 410 indicates that Parental Authority is exercised for persons under eighteen years of age. Article 412 states that when both parents have recognized the child born out of wedlock and live together, both will exercise parental authority. Lastly, Article 414 states when the parents of the child born out of wedlock who lived together separate, they will continue to exercise parental authority, in case they do not agree on that point, the parent designated by the Judge, always taking into account the son's interest.

The Mother's removal of the Child from Mexico has violated these rights. The Father has not relinquished his parental rights of the Child. There is no court case involving this Child that would limit or restrict the Father's rights of custody to the Child. The Mother's removal and continual retention of the child from Mexico, after the Father has requested numerous times for the Child's return, is an ongoing violation of the Fathers rights under Mexican Law.

---

[4] Attached hereto as **Exhibit "D"** is a copy of the child's swim ID card and photo of the swim group.
[5] Attached hereto as **Exhibit "E"** is a copy of the child's doctor's note.
[6] Attached hereto as **"Exhibit F"** is the Civil Code of the State of Baja California, Mexico.

### C. The Father was Exercising His Rights of Custody at the Time of the Child's Removal

The Father was exercising his rights when the Mother removed the Child from Mexico. He was providing shelter, food, clothing, companionship, education and health care from the time of his birth to the time of the Mother's wrongful removal. The Father would be exercising his rights of custody today still but for the Mother's wrongful retention of the Child in Florida.

Therefore, the Father establishes a prima facie case of wrongful removal and retention under the Convention.

### VII. NONE OF THE NARROW EXCEPTIONS ARE AVAILABLE TO THE MOTHER

Once the Court determines a Child's removal was wrongful, it must order the prompt return of the Child unless the Mother establishes one of the Convention's limited and narrow exceptions to mandatory return. Convention, Art. 12-13, 20. The Convention provides for four (4) exceptions to return: (1) the petition is being filed over one year after the child's removal and the child is well settled in the removed to country, (2) the petitioner was not exercising his or her custodial rights at the time of removal or consented to or subsequently acquiesced in the removal or retention, (3) there is a grave risk of physical or psychological harm to the child if returned, or return would otherwise place the child in an intolerable situation, and (4) return would violate fundamental United States principles on human rights and freedom.

### A. The Father Was Exercising his Parental Rights at the Time of the Child's Wrongful Removal and Has Not Acquiesced in or Consented to the Mother's Conduct

The Mother cannot demonstrate that the Father "was not actually

exercising his custody rights at the time of removal..." Convention, Art 13a. Likewise, the Father never "consented to or subsequently acquiesced in the removal or retention..." Id. The Father's actions, as shown above, of reporting the Child's wrongful removal to the Mexican authorities, and requesting the Child be returned by the Mother numerous times, demonstrate that he has never acquiesced to the Child's wrongful removal. The Father also never consented to the Mother's wrongful removal of the Child to Florida on a permanent or extended basis. The evidence and testimony of the Father will establish that the Father did not consent to the relocation of the Child to the United States to live.

### B. The Child is Not Well Settled in Florida

Where a wrongful removal is established and "at the date of commencement of the proceedings before the judicial or administrative authority of the Contracting State where the child is present, a period of less than one year has elapsed from the date of the wrongful removal or retention, the authority concerned *shall* order the return of the child forthwith. Even where the proceedings have been commenced after the expiration of the period of one year...{the authority} shall also order the return of the child, *unless* it is demonstrated the child is now settled in its new environment." Convention, Art. 12.

In our case, the Father initiated these proceedings before the one year expiration. The Mother wrongfully removed the child from Mexico on or about January 15, 2022 and the Father timely submitted the Request for Return with the Mexican Central Authority. Further, the time between the filing of the Request for Return and the initiation of these proceedings was caused not by any delay by the Father, but because the Request for Return needed to travel through administrative and diplomatic channels,

7

documents had to be obtained and translated into English, and the undersigned counsel needed to prepare the case.

The following factors are used to determine if a child is well settled: whether the child has a stable residence, whether the child has a stable school attendance, and the child's age. *E.g. Ahumada Cabrera, 323 F. Supp. 2d at 1314.* The evidence will show the Child is not well settled under these factors.

### C. Returning the Child to Mexico Does not Present a Grave Risk of Physical of Psychological Harm or Constitute a Violation of Fundamental United States Principles

There is no basis, let alone clear and convincing evidence, for asserting the Article 13b defense. To the contrary, the evidence will show that the Father has provided for his son in Mexico, sheltered him, cared for him and educated him. There is also nothing under the fundamental principles of the United Stated relating to protecting human rights and fundamental freedoms which would allow the successful assertion of that defense under Article 20 of the Convention. No defense can defeat the conclusion that the law requires the Child's return to Mexico.

Based on all the factors outlined above, the Father has met his burden to show that: (1) Mexico was the habitual residence of the Child at the time of the wrongful removal and retention (2) the child is under 16 years of age, (3) the Father has the rights of custody under Mexican law; and (4) the Father was exercising his custodial rights. Therefore, the Father established a prima facie case of wrongful removal and retention under the Convention.

### VIII. PROVISIONAL REMIDIES (42U.S.C. §11604)

Petitioner believes that Respondent, upon being informed of these proceedings, will suffer irreparable harm in that the Mother is likely to flee the jurisdiction. ICARA

requires the petition be filed in the place where the Child is located. Therefore, Petitioner requests that this court, upon review of this Petition, issue a Show Cause Order, ordering the appearance of the Mother in that the provisions of 42 USC §11604 can be met. The Petitioner requests that the Show Cause Order prohibit the removal of the Child from this Court's jurisdiction during the pendency of the proceeding, take into safe keeping the Child's and Mother's immigration documents, and set a hearing on the Verified Petition for the Return of the Child.

### IX.   ATTORNEY'S FEES AND COSTS

Pursuant to Article 26 of the Convention, and 42 U.S.C. §11607, counsel for Petitioner should be granted an award of fees and costs incurred by Petitioner as a result of the wrongful removal of the child by the Respondent. Authority to grant an award to Petitioner for his Attorney's fees, costs and necessary expenses is provided in both the Convention and ICARA.

### X.   NOTICE TO MOTHER

No notice has been given to the Mother. Immediate and irreparable injury and loss will result before the Mother can be heard in opposition.

### XI.   NOTICE OF HEARING

Pursuant to 42 U.S.C. §11603(c), Respondent should be given notice under Fla. Stat. §61.518 and §61.532 (UCCJEA).

### XII.   RELIEF REQUESTED AND MOTION FOR TEMPORARY INJECTION AGAINST REMOVAL OF THE CHILD

Father requests the following relief:

A. Issuing an order prohibiting the Mother from removing the Child from this jurisdiction, directing the United States Marshalls or other law enforcement to serve the Mother with the pleadings, motion and Order(s) of this Court.

B. Issuing an order directing the Mother to surrender to the US Marshalls her travel documents and those of the Child.

C. Setting an expeditious hearing on the Petition and entering an Order directing the Mother to appear for the evidentiary hearing and show cause why the Child should not be returned to Mexico.

D. Granting the Petition at the conclusion of the proceedings and Ordering the prompt return of the Child in the company of the Father to his habitual residence of Mexico.

E. Ordering the Mother to pay the Petitioner's necessary expenses, including legal costs and fees.

F. Any other such further relief as justice and cause may required.

Freitas Law Firm, PA
715 Ellwood Avenue
Orlando, FL 32804

Dated: October 5, 2022

By: _____
P. Simone Freitas, Esq.
Florida Bar No. 103715
simone@freitaslawfirm.com

<u>Unsworn Declaration Under PEnalty of Perjury Pursuant to 28 USC §17469(1)</u>

I, JUAN RUIZ CORRAL, do solemnly declare and affirm under the penalty of perjury under the laws of Mexico, the State of Florida and the United States of America, that the factual averments in the foregoing Petition are true and correct to the best of my knowledge.

Executed on this 20th day of September 2022.

_____
JUAN RUIZ CORRAL

16